# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA POLCHIN and THOMAS POLCHIN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>AMERICAN ALTERNATIVE INSURANCE CORPORATION,<br><br>　　　　Defendant. | No. 3:19-CV-02179<br><br>(Judge Brann) |

## MEMORANDUM OPINION

### APRIL 23, 2020

Presently before the Court is a motion to dismiss[1] filed by the Defendant, American Alternative Insurance Corporation. The Plaintiffs, Pamela Polchin and her husband, Thomas Polchin, filed this action to recover damages for breach of contract and loss of consortium.[2] The Defendant now moves to dismiss the loss of consortium claim.[3] Because the Defendant has not demonstrated that the insurance policy at issue forecloses recovery on loss of consortium claims, the Defendant's motion is dismissed without prejudice.

---

[1] Doc. 2.
[2] *See* Doc. 1-1.
[3] Doc. 2, at 4.

## I.     BACKGROUND

The Plaintiffs, Pamela and Thomas Polchin, are individuals who reside in Carbon County, Pennsylvania.[4] Pamela was driving on Arthur Gardner Highway in Luzerne County when an underinsured driver struck her vehicle, entrapping her inside.[5] As a result of the collision, Pamela sustained various bodily injuries, which caused her to suffer physical pain and mental anguish.[6] Her husband, Thomas, was therefore denied the care, comfort, society and companionship of his wife.[7] At the time of the accident, the Defendant, American Alternative Insurance Corporation, was responsible for providing Pamela with underinsured motorist coverage.[8] The Defendant has allegedly "failed to promptly offer payment of the reasonable and fair value" of the Plaintiffs' claim for underinsured motorist benefits.[9]

The Plaintiffs filed suit against the Defendant in the Luzerne County Court of Common Pleas, alleging two claims: breach of contract/underinsured motorist action and loss of consortium pertaining to Thomas Polchin.[10] The Defendant properly removed this action to this Court consonant with its original jurisdiction over this action due to diversity of citizenship under 28 U.S.C. § 1332.[11] The

---

[4]   Doc. 1-1, ¶ 1.
[5]   *Id.* at ¶¶ 7-8.
[6]   *Id.* at ¶ 11.
[7]   *Id.* at ¶ 34.
[8]   *Id.* ¶ 9.
[9]   *Id.* ¶¶ 25, 28.
[10]  *See* Doc. 1-1.
[11]  *See* Doc. 1.

Defendant now moves to dismiss the loss of consortium claim.[12] The Plaintiffs timely filed a brief in opposition,[13] and the time for the Defendant to file a reply brief has passed. The motion to dismiss is now ripe for review.

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.[14] The inquiry at the motion to dismiss stage is "normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged."[15] If there are well-pleaded factual allegations, then a court must assume their truthfulness in deciding whether they raise an entitlement to relief.[16] Dismissal is only appropriate when, accepting as true all the facts alleged in the complaint, the plaintiff has not pled enough factual allegations to provide a reasonable expectation that discovery will lead to evidence of each necessary element.[17]

---

[12] *See* Docs. 2, 3.
[13] *See* Doc. 5.
[14] *See* Fed. R. Civ. P. 12(b)(6).
[15] *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).
[16] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 679 (2007).
[17] *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

## III.   ANALYSIS

The Defendant argues that Thomas Polchin is not able to recover damages for loss of consortium due to his wife's injuries because Pennsylvania courts have rejected the notion "that insurance policy definitions of injury or bodily injury encompass mental or emotional harm."[18] The Defendant further avers that "a consortium claim is not a cognizable cause of action in the Commonwealth of Pennsylvania including under the Motor Vehicle Financial Responsibility law."[19] In response, the Plaintiffs state that "it is premature for this Court to dismiss" Thomas's loss of consortium claim without reviewing the language of the insurance policy at issue, which has not yet been provided by the Defendant.[20]

Since neither party has raised the issue of conflict of laws in its briefing, the Court applies Pennsylvania law.[21] While it is true that some Pennsylvania Courts have denied consortium claims under certain motor vehicle insurance plans, they have not entirely rejected consortium claims under all motor vehicle insurance policies as the Defendant suggests. In sum, Pennsylvania Courts have determined

---

[18]   Doc. 3, at 4 (citing *Coregis Ins. Co. v. City of Harrisburg,* No. CIV.A. 1:03-CV-920, 2005 WL 2990694, at *4 (M.D. Pa. Nov. 8, 2005)).
[19]   Doc. 3, at 4 (citing *Jackson v. Travelers Ins. Co.*, 606 A.2d 1384 (Pa. Super. Ct. 1992)).
[20]   Doc. 5, at 4.
[21]   *Montgomery Ward & Co. v. Pac. Indem. Co.*, 557 F.2d 51, 58 n.11 (3d Cir. 1977).

that the viability of a consortium claim depends on the language of the relevant motor vehicle insurance policy.[22]

Here, neither party has submitted a copy of the insurance policy at issue. Without a copy of the insurance policy, the Court is unable to determine if Thomas Polchin's consortium claim is prohibited by its terms. Consequently, I will deny the Defendant's motion to dismiss the consortium claim without prejudice.

## IV.   CONCLUSION

For the above stated reasons, Defendant's motion to dismiss[23] will be denied without prejudice.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[22] *See, e.g.*, *Jackson*, 606 A.2d at 1389 (holding that a consortium claim was "beyond the scope" of the Plaintiff's insurance plan because it did not "extend coverage to individuals who have not suffered a 'bodily injury'"); *Koenig v. Progressive Ins. Co.*, 599 A.2d 690, 694 (Pa. Super. Ct. 1991) (analyzing the policy language involved in holding that loss of consortium was not covered in a defendant's insurance policy, because liability was limited to damages flowing from the victim's bodily injury); *Pirches v. Gen. Acc. Ins. Co.*, 511 A.2d 1349, 1354-55 (Pa. Super. Ct. 1986) (assessing the "relevant policy provision" in holding that an individual who is named as a "covered person" under the policy can recover for his loss of consortium).

[23] Doc. 2.